TOWN OF WOO-SUNG *et al.*

*v.*

THE PEOPLE *ex rel.* Swett, State's Attorney.

*Filed at Ottawa May 12, 1882.*

1. TOWNSHIP ORGANIZATION—*dividing a town—notice.* The notice required to be given before the board of supervisors shall create any new town, or divide or change the boundary of any town, is not required to be given by the county clerk, or to be signed by any one, nor is the board of supervisors required by any statute to give notice of such proposed action.

2. SAME—*whether a vote at an election necessary to dividing town.* No consent of a majority of the voters voting at a general election is required before the final action of the board of supervisors dividing a town under the township law, or creating a new town. The statute requiring notice to be given by the county clerk, and requiring an affirmative vote as a condition to dividing a town, applies only where an incorporated town is proposed to be divided. A town under the township law is not an incorporated town, within the meaning of the proviso in the statute.

APPEAL from the Circuit Court of Ogle county; the Hon. JOHN V. EUSTACE, Judge, presiding.

This was an information in the nature of a *quo warranto,* filed by the relator, as State's Attorney for the county of Ogle, against the town of Woo-Sung, James T. Wilson, James M. Atley, John G. Annan, Andrew Zollinger, Ellis Oster-hundt, James H. Anderson, Charles H. Brown, Amos H. Sanford, John Reynolds, Clinton D. Coe, and Aldro Goodrich, to test the legality of the formation of a new town by the board of supervisors, the persons named as defendants with the town being township officers.

The notice of the proposed action of the county board, set up in the answer, is as follows:

"Public Notice.—Notice is hereby given that petitions will be presented to the county board of the county of Ogle, State of Illinois, at the session thereof to be held at the court house in Oregon, in said Ogle county, on the second Tuesday of September, A. D. 1880, the same being the 14th day of September, A. D. 1880, praying that said county board divide the town of Buffalo, in said county of Ogle, on the following line: Commencing at the north-east corner of section 36, town 23, range 8, east of the fourth principal meridian, in said town of Buffalo, and running thence west to the north-west corner of section 31, in said township and range, and that all of the territory north of said line, in said town of Buffalo, remain and be called the town of Buffalo, and that all of the territory south of said line, and now in said town of Buffalo, constitute a new town, to be called Woo-Sung, and that a final action of said board will be asked on said petition at the time of presentation thereof.

"Dated this 10th day of July, A. D. 1880."

The circuit court sustained a general demurrer to the answer, and rendered judgment of ouster, to reverse which this appeal was taken.

Messrs. W. & W. D. Barge, and Mr. J. Sears, for the appellants:

The petition for a division of the town, and notice of the application to the county board, were in exact accordance with the statute. Hurd's Stat. 1881, p. 1104, art. 3, sec. 26; *Fry* v. *Bidwell*, 74 Ill. 381; *St. Joseph Manufac. Co.* v. *Daggett*, 84 id. 556; *Pearson* v. *Bradley*, 48 id. 250.

The law does not require the notice to be signed by any one. The petition is the only thing required to be signed. *People* v. *Carpenter*, 24 N. Y. 86.

The provisions of the statute, in reference to giving the notices by publication and by-posting, are directory, merely, and not conditions precedent to giving the board jurisdiction of the subject matter. *People* v. *Carpenter*, 24 N. Y. 86.

Creating a new town, by the board of supervisors, is an act of legislation, and every presumption is in favor of its legality. Any person disputing the existence of a town, must establish its illegality. It is not for the defendants to show the validity of the action of the county board. This is presumed. *The People* v. *Carpenter*, 24 N. Y. 92.

No objection can be sustained to this action of the board, because it has been expressly decided by this court that an order that a separation or division of a town shall not take effect until the next annual election of town officers, is authorized, and is in accordance with the statute. *Hensley Township* v. *People ex rel.* 84 Ill. 544.

Messrs. HATHAWAY & MARCH, and Mr. J. D. CAMPBELL, for the appellees:

A division of a town can only be made by the board of supervisors, after giving the prescribed notice. The notice must be given by the board. *Clark* v. *Robinson*, 88 Ill. 511.

The plea of the said appellants does not contain· any averment that the question of creating the said town of Woo-Sung was ever submitted to the legal voters of the town of Buffalo. Such an averment was necessary to make. it a good plea. Rev. Stat. 1874, chap. 139, sec. 26, page 1069; Laws of 1877, page 212; *The People ex rel.* v. *Brayton*, 94 Ill. 341.

Appellants' counsel claim that the case of *Harris et al.* v. *Schryock et al.* 82 Ill. 116, is conclusive of the question of the necessity of the submission to the vote of the people. That case was decided before the passage of the act of 1877, above referred to. The only proposition in that case was, that courts of equity had no jurisdiction to restrain officers from

the exercise of power to hold elections, such power being political, and not judicial.

Mr. Justice Scott delivered the opinion of the Court:

The information in this case is in the nature of a *quo warranto*, and charges defendants, without any legal warrant, grant or right whatever, with having usurped, used and exercised the functions of the several offices, respectively, held by them, in the pretended town of Woo-Sung. There is no pretense these several defendants were not legally elected or appointed to the several offices the duties of which they are charged with exercising, but the charge is, their holding of such offices is unlawful, because the town of Woo-Sung was never legally created by the board of supervisors, and consequently no such offices exist by law. If it shall be ascertained the town of Woo-Sung was legally created or established, no question is made against the right of defendants to hold the several offices, the functions of which they have assumed to exercise.

To the information which charges the town of Woo-Sung was not legally created by the board of supervisors, defendants made answer, setting forth with sufficient definiteness all that was done by the board and others concerning the establishing and creating such town. A demurrer was sustained to the answer, and defendants electing to stand by their answer, judgment of ouster was pronounced by the court, and a fine of one cent was imposed on each defendant, together with costs of suit. Defendants bring the case to this court on appeal.

The sufficiency of the answer is called in question because it does not show, first, that notice of the application for the division of the town of Buffalo was given by the county clerk or by the board of supervisors, or was ordered by the board to be given, before the final action of the board on the application to have a new town established; and second,

that notice was given by the county clerk that the question of dividing the town of Buffalo would be submitted to the legal voters of the town, nor that any consent to the division of the town was given by a majority of all the electors voting at a general election prior to the final action of the board dividing the town, or at any other time. Negatively, it is said the organization of the town of Woo-Sung was illegal because the notice that was in fact given was not that which the law requires to be given, before the board could rightfully act in the premises. Mainly upon the determination of these propositions the decision hinges.

Narrowing the discussion to the principal questions raised, the sufficiency of the notice will be first considered. Section 1, article 3, of the act concerning township organization, in force March 4, 1874, confers on the county board of each county full power and jurisdiction to alter the boundaries of towns, to change town lines, and to divide, enlarge and create new towns, to suit the convenience of the inhabitants residing therein; but no new town shall be created, under the provisions of the act, of less territory than seventeen square miles, nor unless there shall be at least fifty legal voters residing in such new town, nor unless at least twenty of the legal voters of such town shall petition for such alteration; nor shall any new town be made, or any town divided, or the boundaries of any town changed by the county board, without notice thereof having been given by posting up notices in not less than five of the most public places of the town interested, or if several towns are interested, in each of them, at least sixty days before final action of the board, and also by publishing such notice at least three times in some newspaper published in the county where the towns are situated, if any shall be published therein.

It will be noted, the answer shows the new towns, when created, would be composed of a territory in excess of seventeen square miles, would have the requisite population, and

that everything the statute requires to be done to legally create the new town was in fact done, as the parties acting understood the requirements of the statute. The sufficiency of the answer, except in the two particulars first noticed, seems to be conceded. It is said the notice required by the statute to be given before final action on the part of the board, should have been given by the county clerk, or at least the board should have ordered notice to have been given of the presentation of the petition, and of the proposed action. It would seem to be a sufficient answer to the position taken, that the statute has not required notice to be given in that way. The county clerk is not required by any law to give any notice in such cases, nor has the statute made it the duty of the county board to give any notice of the action proposed to be taken. It is a misapprehension to suppose the case of *Clark* v. *Robinson*, 88 Ill. 498, establishes the proposition that the board of supervisors only can create a new town after it has given the notice required by the section of the statute cited. No such question is discussed in that case, and what was said in that case in reference to the notice required to be given, has no reference to the point now being considered. The notice given in this case was not signed by any one, and that, it is said, is a fatal defect. By whom should it be signed? Upon this question the statute is silent. It is not made the duty of any one to sign such notice, and unless the statute requires it to be signed by some one, it can not be necessary it should be done. The notice given conforms exactly to the form given by Mr. Haines in his valuable work on Township Organization, and is no doubt the form commonly in use throughout the State.

In *The People* v. *Carpenter*, 24 N. Y. 86, a statute very much like the one under consideration received a construction. An objection the notice required to be given was not signed by the freeholders whose names were appended to the petition, was held to be untenable, for the obvious reason

the statute did not require the notice should be signed by such freeholders. That is precisely the case here, and the usual practice seems to conform to the statute in that particular. It was no valid objection to the notice given in this case it was not signed by any one. It was good without signatures, for the reason the statute has not required any to be attached.

It remains to consider the other objection taken to the sufficiency of the answer. The position taken is, that notice should have been given by the county clerk that the question of dividing the town of Buffalo would be submitted to the legal voters of the town, and as no consent to the division of the town was given by a majority of all the electors voting at a general election prior to the action of the county board, or at any other time, the action of the board in creating the town of Woo-Sung was illegal. No warrant for the proposition insisted upon is to be found in any statute of this State. Attention is directed to that clause of section 1, article 3, which provides no "*incorporated* town" shall be divided except consent thereto is given by a majority of all the electors voting at a general annual election in such town, after notice given by the county clerk such question would be submitted, as sustaining the position taken. A conclusive and most satisfactory answer to this view of the law is, the words "*incorporated town*" have no reference to towns like the town of Buffalo, created under township organization laws. This court has expressly decided in *Harris* v. *Schryock*, 82 Ill. 119, the words "said town," employed in reference to the election and notice, as used in the proviso to the section cited, must be held to apply to an incorporated town or village. The town of Buffalo is a town under township organization, and not an "*incorporated town,*" in the sense those words are used in the statute, and hence no election was required to be held to give the consent of the electors to the proposed action of the board to divide the town. The case of *Harris* v. *Schryock*

is conclusive of this question, and must control, and it will not be necessary to discuss the point made as a new question in this court. The former construction given to the statute in this particular is correct, and no reason is perceived for departing from it.

The answer of defendants shows the town of Woo-Sung was legally created, and as the offices they assumed to hold existed by law, they may rightfully perform the duties attached to such offices. The demurrer was improperly sustained, and the judgment of the circuit court will be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*